IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41201
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO RODRIGUEZ, JR.,
a/k/a Alejandro Rodriguez-Illescas,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-96-CR-101-2
- - - - - - - - - -
October 29, 1997
Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alejandro Rodriguez, Jr. was charged with conspiracy to possess with intent to distribute 368 grams of heroin (Count 1). In a superseding indictment, he was also charged with possession with intent to distribute 93 grams of heroin (Count 2). A jury found Rodriguez guilty on both counts, and the district court sentenced him to concurrent terms of 70 months of imprisonment on each count, to be followed by concurrent terms of supervised

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release.  Rodriguez appeals.

First, Rodriguez argues that the district court erred in denying him a reduction of his offense level for acceptance of responsibility.  We find no error in the district court's determination that Rodriguez was not entitled to a sentence reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1(a); United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996) (holding that whether a defendant has sufficiently demonstrated acceptance of responsibility is a factual question.  The standard of review is even more deferential than it is for clear error).

Second, Rodriguez argues that the district court erred in determining the quantity of drugs attributable to him for sentencing purposes.  After conducting a hearing, the district court found that Rodriguez was responsible for 368 grams of heroin.  The court based this finding on evidence that another individual hid 368 grams of heroin in the backyard of the defendant's home after being pursued by immigration agents.  During the hearing, Rodriguez admitted that he had possessed the 93 grams that were seized at the time of his arrest, but denied involvement with the entire 368 grams.  The district court's determination of drug quantity is reviewed for clear error and need be supported only by a preponderance of the evidence.  This is a highly deferential standard of review.  Here, however, the court's finding that Rodriguez was responsible for the entire 368

grams (13 ounces) is not supported by a preponderance of the evidence.  See United States v. Carreon, 11 F.3d 1225, 1230 (5th Cir. 1994); U.S.S.G. § 1B1.3(a)(1)(A).  The evidence does not support a finding that the entire 13 ounces of heroin reached Rodriguez's house or that he was involved in the original conspiracy to possess with intent to distribute that amount.  The district court's finding is clearly erroneous.  See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985).

We VACATE Rodriguez's sentence and REMAND to the district court for reconsideration of the amount of drugs at issue in this case for sentencing purposes.  See Carreon, 11 F.3d at 1230.

CONVICTION AFFIRMED; SENTENCED VACATED AND REMANDED.